UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **CHARLEY JAMES** | **CIVIL ACTION NO. 20-0308** |
| **VS.** | **SECTION P** |
| | **JUDGE TERRY A. DOUGHTY** |
| **SHERIFF SAMMY BYRD, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned is a motion for either a temporary restraining order, a preliminary injunction, or both. [doc. # 5], filed by Plaintiff Charley James, a former prisoner at Bayou Correctional Center ("BCC") proceeding pro se and in forma pauperis. On March 16, 2020, Plaintiff notified the Court that he was transferred to Tensas Detention Center. [doc. # 7].

Plaintiff filed the instant proceeding on approximately March 9, 2020, under 42 U.S.C. § 1983. He names the following defendants in their individual and official capacities: Sheriff Sammy Byrd, Warden Billy Tigner, Assistant Warden Dwayne Saucier, and Nurse Welch.[1]

## Background

Plaintiff requests "an order that protects [him] on a temporary basis" because officials at BCC are "known for" spraying inmates with mace, beating inmates, and placing inmates "in overcrowded cells for back and forth arguments." [doc. # 5]. He adds, "The consequences from filing a complaint are similarly [sic] and longer." *Id.* He concludes, "My legal mail was opened outside of my presence every time I received it as well." *Id.*

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636 and the standing orders of the Court.

## Law and Analysis

As above, Plaintiff is no longer confined in BCC. Thus, the Court should deny his requests for temporary and preliminary injunctive relief as moot.[2] See *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001) (determining that an inmate's transfer to a different unit rendered claims for declaratory and injunctive relief relating to environmental conditions at the original unit moot); see also *North Carolina v. Rice*, 404 U.S. 244, 246 (U.S. 1971) ("[F]ederal courts are without power to decide questions that cannot affect the rights of litigants in the case before them.").

Even assuming Plaintiff's motion is not moot, the Court should deny it. A litigant moving for a preliminary injunction or temporary restraining order must demonstrate each of the following: (1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the injunction will result in irreparable injury; (3) the threatened injury outweighs any damage that the injunction will cause to the adverse party; and (4) the injunction will not have an adverse effect on the public interest. *Women's Med. Ctr. of Northwest Houston v. Bell*, 248 F.3d 411, 418-20 (5th Cir. 2001). "An injunction is an extraordinary remedy and should not issue except upon a clear showing of possible irreparable harm." *Lewis v. S.S. Baune*, 534 F.2d 1115, 1121 (5th Cir. 1976).

Further, under Federal Rule of Civil Procedure 65(b), a "court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in

---

[2] Plaintiff does not allege or suggest that there is a reasonable, demonstrable probability that he will be transferred back to BCC. See *Hardwick v. Brinson*, 523 F.2d 798, 800 (5th Cir. 1975); *Murphy v. Hunt*, 455 U.S. 478, 482 (1982).

opposition."

Here, Plaintiff seeks unspecified "protection" because officials at BCC are allegedly "known for" beating inmates, spraying inmates with mace, and placing inmates in overcrowded cells. Plaintiff is not entitled to a temporary restraining order because he does not allege that he *will* suffer immediate, irreparable injury before defendants can be heard. Rather, Plaintiff seeks "protection" from speculative actions that he fears. [doc. # 5, p. 1].

Likewise, Plaintiff does not meet his exacting burden of demonstrating that he is entitled to a preliminary injunction. He does not claim that there is a substantial threat that failure to grant the injunction *will* result in irreparable injury. Again, Plaintiff merely speculates.

Finally, with respect to Plaintiff's claim that officials opened his legal mail in his absence, he does not establish a substantial likelihood of success on the merits. "[P]rison officials may open incoming legal mail to inspect it for contraband." *Jones v. Mail Room Staff*, 74 F. App'x 418, 419 (5th Cir. 2003) (citing *Brewer v. Wilkinson*, 3 F.3d 816, 820-21 (5th Cir. 1993)). Further, "prisoners do not have a constitutional right to be present when privileged, legal mail is opened and inspected." *Collins v. Foster*, 603 F. App'x 273, 275 (5th Cir. 2015) (citing *Brewer*, 3 F.3d at 825).

## Recommendation

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff Charley James's motion, [doc. # 5], be **DENIED**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or

3

response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 18th day of March, 2020.

_____
Karen L. Hayes
United States Magistrate Judge